## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JOHN DOE, individually and on behalf of all others similarly situated,     )
)
)
    Plaintiff,     )
)    No.  26-cv-3963
    v.     )
)
VERANO HOLDINGS CORP.; VERANO HOLDINGS, INC.; and VERANO HOLDINGS, LLC,     )
)
)
)
    Defendants.     )

### DEFENDANTS' MOTION TO FILE UNDER SEAL
### PORTIONS OF THEIR NOTICE OF REMOVAL

Defendants Verano Holdings Corp. and Verano Holdings LLC[1] (collectively "Verano"), by their attorneys Saul Ewing LLP, move pursuant to Local Rule 26.2 to have portions of their Notice of Removal filed under seal.[2] In support thereof, Verano states:

1. Contemporaneous herewith, Verano is filing a redacted Notice of Removal and is provisionally filing under seal an unredacted copy of that document.

2. Consistent with *Dancel v. Groupon, Inc.*, 940 F.3d 381, 386-87 (7th Cir. 2019), Verano's Notice of Removal contains personally identifying information identifying a non-party putative class member by name, and also provides that individual's address and place of employment, in order to establish minimal diversity under the Class Action Fairness Act.

3. Accordingly, pursuant to Local Rule 26.2, Verano respectfully moves for leave to file under seal its unredacted Notice of Removal.

---

[1] Verano Holdings, Inc. is not a legal entity. Verano does not perform any operations under the name Verano Holdings Inc.

[2] Verano is diligently investigating whether Plaintiff is subject to a mandatory arbitration obligation. Nothing herein constitutes a waiver of Verano's right to arbitrate, which Verano reserves the right to pursue.

1

4. Good cause exists to file Verano's unredacted Notice of Removal under seal because it contains personally identifying information of putative class member consumers who are not parties to this case. *See United States v. Dish Network, LLC*, 943 F. Supp. 2d 891, 894-95 (C.D. Ill. 2013) (holding that it was appropriate to file documents under seal where the documents contained "names of non-party consumers, telephone numbers, mailing addresses, and email addresses."); *see also Dyjak v. Piephoff*, No. 18-CV-02003-SPM, 2022 WL 1569826, at *2 (S.D. Ill. May 18, 2022) (finding "that the interests of non-parties and the public can best be served by redaction" of non-parties' personally identifying information).

5. Disclosing the confidential information in Verano's unredacted Notice of Removal could cause irreparable harm to the identified consumer. This consumer is associated with purchasing cannabis products, which remain federally illegal and, in some instances, continue to carry a social stigma. Due to the sensitive nature of these products, the public release of the information intended to be redacted could result in significant and lasting harm to this consumer. *See Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) (holding that a party can show good cause for confidentiality by showing "disclosure will result in a clearly defined and serious injury."). The potential reputational and legal harms that could result from the public identification of the customer as cannabis purchaser and/or user is sufficient reason to redact personally identifying information.

WHEREFORE, Verano respectfully requests that this Court grant this Motion and allow it to file under seal its unredacted Notice of Removal. Additionally, Verano requests that Plaintiff refrain from disclosing this information in any public filing and from using this information for any purpose other than this litigation.

Respectfully submitted,

VERANO HOLDINGS CORP. and
VERANO HOLDINGS, LLC

By: /s/ Elizabeth A. Thompson
      One of their attorneys

Casey T. Grabenstein (casey.grabenstein@saul.com)
Elizabeth A. Thompson (elizabeth.thompson@saul.com)
Shivani Govani (shivani.govani@saul.com)
Saul Ewing LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney certifies that on April 9, 2026, she caused the foregoing **Defendants' Motion to File Under Seal Portions of Their Notice of Removal** to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter, and sent notice via email to:

Samuel A. Shelist (info@shelistandpena.com)
Shelist Law Firm LLC
29 East Madison Street, Suite 1201
Chicago, Illinois 60602

Jeff Sobek (jeffs@jsslawoffices.com)
JS Law
29 East Madison Street, Suite 1201
Chicago, Illinois 60602

/s/ Elizabeth A. Thompson