**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 26-cv-3963 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| VERANO HOLDINGS CORP. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# **ORDER**

The Court reviewed the briefs on Verano's motion to compel arbitration (Dckt. No. [19]). Verano seeks to enforce an arbitration agreement between Plaintiff and Zen Leaf Technologies, LLC. The Court requires supplemental submissions on three issues.

First, the parties must address choice of law. Specifically, the parties must address which state's substantive law governs whether Verano can enforce the online arbitration agreement between Plaintiff and Zen Leaf Technologies, LLC. The parties must address which state's law applies, and why.

A federal court must first determine whether an agreement exists at all using default choice-of-law rules of the state in which it sits, before relying on a contractual choice-of-law provision. *See Life Plans, Inc. v. Security Life of Denver Insurance Co.*, 800 F.3d 343, 357 (7th Cir. 2015). A court can't rely on a contract before deciding whether there *is* a contract.

Along the way, the parties must address where the online arbitration agreement between Plaintiff and Zen Leaf Technologies was formed (meaning which state). The parties must address where, exactly, Plaintiff and Zen Leaf Technologies were located at the time of contract formation.

Second, the parties must address whether the equitable estoppel standard under the relevant state law has been met.

When answering that question, the parties should pay special attention to the relevant state law. For example, both parties made equitable estoppel arguments using the federal common law definition of equitable estoppel.

Under federal common law, "equitable estoppel may apply to enforce an arbitration provision where (1) the 'signatory references to or presumes the existence of a written agreement in asserting its claims against a non-signatory', or (2) the signatory 'raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the contract.'" *Sosa v. Onfido, Inc.*, 8 F.4th 631, 641–42 (7th Cir. 2021) (quoting *Paragon Micro, Inc. v. Bundy*, 22 F. Supp. 3d 880, 890 (N.D. Ill. 2014)).

But many states do not use this standard. In this case, if Illinois choice-of-law rules require the application of Illinois substantive law, that standard would not apply. "This federal standard has never been applied by any Illinois court." *Id.*

Under Illinois law, "[a] claim of equitable estoppel exists where a person, by his or her statements or conduct, induces a second person to rely, to his or her detriment, on the statements or conduct of the first person. The party bringing an equitable estoppel claim must have relied upon the acts or representations of the other and have had no knowledge or convenient means of knowing the facts, and such reliance must have been reasonable. The party claiming [equitable] estoppel has the burden of proving it by clear and convincing evidence." *Id.* at 641 (cleaned up).

So, the parties must address whether Illinois law applies. If so, then they must address whether equitable estoppel applies under Illinois law. If not, then the parties must address whether this case satisfies the standard for equitable estoppel under the governing state law.

Third, the parties must address whether any other relevant state contract law doctrine makes this agreement enforceable by Verano. For example, did the in-store agreement (between Plaintiff and Verano) incorporate the online agreement (between Plaintiff and Zen Leaf Technologies) by reference? If not, was Verano a third-party beneficiary of the online agreement?

Pinning down the applicable law, and figuring out the applicable doctrines, is step one before figuring out whether Verano can enforce the agreement between Plaintiff and Zen Leaf Technologies, LLC.

The parties must file supplemental briefs, limited to 10 pages, by November 13, 2026.

Date: October 26, 2026

Steven C. Seeger
United States District Judge